## CIRCUIT COURT OF FAIRFAX COUNTY

Weaver Landfill, Inc.

v.

Eastman Environmental
Transportation Services

September 15, 1998

Case No. (Law) 163821

BY JUDGE MICHAEL P. MCWEENY

This matter comes before the Court on Plaintiff's Motion for Default Judgment. The issue is whether Plaintiff may enforce a promissory note when Plaintiff never received the original. After considering the issue, the Court rules that Plaintiff may not enforce the note.

Possession of the original instrument is required for Plaintiff to enforce a promissory note. Under Virginia Code § 8.3A-301, those entitled to enforce the instrument include "the (i) holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to § 8.3A-309." According to § 8.1-201(20), the holder of an instrument "means the person in possession of the instrument (i) if the instrument is payable to bearer or, (ii) in the case of an instrument payable to an identified person, if the identified person is in possession." Since Plaintiff, according to their own affidavit, never possessed the original promissory note, Plaintiff is not able to enforce the promissory note under subsections (i) and (ii) above.

Plaintiff is also unable to enforce the promissory note under subsection (iii) above because Virginia Code § 8.3A-309 also requires initial possession of the instrument. Virginia Code § 8.3A-309(b) states that "[a] person seeking enforcement of an instrument under subsection (a) must prove the terms of the instrument and the person's right to enforce the instrument." Since the right to

enforce the instrument is contingent upon initial possession, Plaintiff fails to meet the requirement of subsection (iii) as well.

As the intended holder was never in possession of the original promissory note, Plaintiff does not meet the statutory definition of a holder and may not, therefore, bring suit on the note itself. While this ruling bars Plaintiff from an action on the note under the statutes above, it does not prevent a suit on the underlying obligation between the parties.

For the above-stated reasons, the Court orders the dismissal without prejudice of this action.